Avonna L. SWEANEY, personal representative of the Estate of Gary B. Roberts, Appellant,

v.

ALASKA CENTRAL AIRWAYS, INC., Appellee.

BUSH AIR, INC., an Alaskan Corporation, Appellant,

v.

ALASKA CENTRAL AIRWAYS, INC., Appellee.

Nos. 6738, 6748.

Supreme Court of Alaska.

Feb. 4, 1983.

William M. Wuestenfeld, Bradbury, Bliss & Riordan, Inc., Anchorage, for appellant Bush Air.

Susan Wright Mason, Atkinson, Conway, Bell & Gagnon, Anchorage, for appellant Avonna Sweaney.

Richard A. Helm, Burr, Pease & Kurtz, Anchorage, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS, COMPTON, JJ., and DIMOND, Senior Justice.*

## OPINION

PER CURIAM.

This is an appeal from the granting of a motion for summary judgment in favor of the appellee, which allegedly had negligently weighed an aircraft causing it subsequently to crash. The summary judgment was supported by a part of a National Transportation Safety Board report[1] concerning the accident and an affidavit of an employee of appellee stating in conclusory fashion that the aircraft was properly weighed.

Negligence issues are seldom appropriately determined on summary judgment. *Webb v. City and Borough of Sitka,* 561 P.2d 731 (Alaska 1977). We stop short of saying that they may never be so determined because there are situations where the underlying relevant facts are presented in detail approximating that which would be available at trial, the facts presented are uncontradicted, and, resolving all inferences based on the facts most favorably to the nonmoving party, reasonable minds could not differ as to the conclusion to be drawn. That, however, is not the case here.

In the present case the underlying facts concerning appellee's weighing of the aircraft were not presented. Appellants were actively engaged in discovery from the plane's manufacturer of materials which would potentially have a bearing on appellee's liability. *See Pepsi Cola Bottling Co. of Anchorage v. New Hampshire Insurance Co.,* 407 P.2d 1009, 1014 (Alaska 1965). Further, the assertion in the employee's affidavit that the weighing was properly performed was placed in doubt by an affidavit of Stuart Silver, one of the appellants' experts, who noted a "likelihood of error in the weighing or balancing" where there exist significant differences in the results of periodically performed weighings, apparently the case here. Silver also stated that in the absence of certain designated information it would be impossible to determine the accuracy of the weighing performed by appellee. Some of this information was within the power of the appellee to produce and some was being sought by the appellants from the plane manufacturer.

It may be that after the conclusion of discovery and upon a factually detailed presentation summary judgment for the appellee will be appropriate. At this stage of the litigation, and on this record, it is not.

REVERSED.

CONNOR, J., not participating.

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. Appellants challenge use of the report under 49 U.S.C. § 1441(e) (1976). In view of our decision herein we need not reach this issue.